IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Romayne A. Williams aka Romayne Ann Williams aka Romayne Williams<br>Terry L. Williams Jr. aka Terry LaRue Williams, Jr. aka Terry Williams, Jr. aka Terry L. Williams aka Terry Williams<br>           Debtors | CHAPTER 13<br><br>NO. 15-05165 JJT |
| CITIBANK, N.A., NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR NRZ PASS-THROUGH TRUST VI<br>           Movant<br>vs. | 11 U.S.C. Section 362 |
| Romayne A. Williams aka Romayne Ann Williams aka Romayne Williams<br>Terry L. Williams Jr. aka Terry LaRue Williams, Jr. aka Terry Williams, Jr. aka Terry L. Williams aka Terry Williams<br>           Debtors | |
| Charles J. DeHart, III Esq.<br>           Trustee | |

**STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by Movant on Debtors' residence is **$6,259.10**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | January 2016 through June 2016 at $750.66; July 2016 at $729.14 |
| Fees & Costs Relating to Motion: | $1,026.00 ($850.00 fees and $176.00 costs) |
| **Total Post-Petition Arrears** | **$6,259.10** |

2. Debtors shall cure said arrearages in the following manner:

a). Within seven (7) days of the filing of this Stipulation, Debtors shall file an Amended Chapter 13 plan to include the post-petition arrears of **$6,259.10** along with the prepetition arrears;

b). Maintenance of current monthly mortgage payments to Movant thereafter.

3. Should debtors provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the court and the court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: July 13, 2016    By:    /s/ Joshua I. Goldman, Esquire
Joshua I. Goldman, Esquire
Attorney for Movant
KML Law Group, P.C.
Main Number: (215) 627-1322

Date: 8/8/16

C. Stephen Gurdin, Jr. Esq.
Attorney for Debtors

Date: _____

Charles J. DeHart, III Esq.
Chapter 13 Trustee

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Frank Rasole <u>Debtor</u> | CHAPTER 13 |
| Nationstar Mortgage LLC <u>Movant</u> vs. | NO. 16-00435 JJT |
| Frank Rasole <u>Debtor</u> | |
| Charles J. DeHart, III Esq. <u>Trustee</u> | 11 U.S.C. Section 362 |

## **ORDER**

Upon consideration of the foregoing stipulation, it is hereby ORDERED that the Stipulation is approved by the Court. However, this court retains discretion regarding entry of any further order.